# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2540 | **DATE** | 5/2/2000 |
| **CASE TITLE** | John-Tyronne Martin vs. Ernesto Velasco, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because of the possibility that Martin may have a greater interest in pursuing this action than the other two, he is being granted until May 22, to pay the $150 filing fee in full. If he fails to do so, this Court will dismiss both the Complaint and this action without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | MAY 0 4 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 4 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/3/2000 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN-TYRONNE MARTIN,        )
                            )
            Plaintiff,      )
                            )
     v.                     )    No. 00 C 2540
                            )
ERNESTO VELASCO, et al.,    )
                            )
            Defendants.     )

DOCKETED
MAY 0 4 2000

MEMORANDUM OPINION AND ORDER

John-Tyronne Martin ("Martin") has just tendered a Complaint (using the 42 U.S.C. §1983 ("Section 1983") form of Complaint made available by this District Court's Clerk's Office to persons in custody) in which he asserts claims of violation of his constitutional rights by Sheriff Michael Sheahan and Cook County Department of Corrections ("County Jail") Executive Director Ernesto Velasco. For the reason briefly stated here, this Court advises Martin that both the Complaint and this action will be dismissed unless he pays the $150 filing fee on or before May 22, 2000.

Just two weeks ago this Court issued its memorandum opinion and order in two proposed lawsuits tendered by Martin (<u>Martin v. Fallon</u>, No. 00 C 1653 and <u>Martin v. Ostwicke</u>, 00 C 1654), explaining that Martin had already sustained more than "three strikes" so as to run afoul of the restrictions in 28 U.S.C.

§1915(g) ("Section 1915(g)"). Under that statute Martin is precluded from obtaining in forma pauperis treatment in any new lawsuit unless he "is under imminent danger of serious physical injury."

This Court has reviewed the extensive narrative of Martin's grievances (3-1/2 closely handwritten pages) in his current Complaint, and it finds that he does not qualify for the quoted Section 1915(g) exception.[1] That being the case, and with Martin not having taken advantage of the opportunity already given him to pay the $150 per case filing fee in either or both of 00 C 1653 or 00 C 1654, this Court might perhaps make a corresponding assumption about this lawsuit and turn it too away at the threshold. But because of the possibility that Martin may have a greater interest in pursuing this action than the other two, he is being granted until May 22 to pay the $150 filing fee in full. If he fails to do so, this Court will dismiss both the Complaint

---

[1] Nothing said here should be misinterpreted as a determination as to whether or not Martin has advanced a potentially viable Section 1983 claim. As the Section 1915(g) language plainly reflects, it imposes a substantially more demanding standard than that for him to gain entitlement to payment of the filing fee in installments--for there are many allegations that could qualify as stating constitutional deprivations cognizable under Section 1983 without posing an imminent threat of serious physical injury.

2

and this action without prejudice.[2]

_[signature]_
Milton I. Shadur
Senior United States District Judge

Date: May 2, 2000

---

[2] Because the entire file in this case has not been delivered to chambers, this Court is unaware whether Martin has contemporaneously filed any related motions (for example, by seeking the appointment of pro bono counsel to represent him). But if so, any dismissal of this action on the basis just stated in the text will carry with it the denial of any and all motions as moot.

3